Received:
Nov 09 2010 8:55        HP LASERJET FAX         USMS HOUSTON                    PAGE 05/07
                                                 7136933666                      P.6

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | H10-1077M |
| | ) | No. |
| | ) | NJ  11-9-10 |
| | ) | 21 U.S.C. § 846 |
| | ) | 21 U.S.C. § 841(a)(1) |
| | ) | 21 U.S.C. § 841(b)(1)(A)(vii) |
| GLEN RAY ALLEN | ) | 21 U.S.C. § 841(b)(1)(B)(vii) |
| KEVIN HICKS | ) | 18 U.S.C. § 2 |

## SECOND SUPERSEDING INDICTMENT

The Grand Jury Charges:

### COUNT 1

Beginning at a time unknown to the Grand Jury but at least as early September 2009, and continuing until on or about March 30, 2010, in the Western District of Arkansas, Hot Springs Division and elsewhere, the defendant(s), GLEN RAY ALLEN and KEVIN HICKS, did knowingly and intentionally combine, conspire, confederate and agree with Jennifer Sue Lenda and with others known and unknown to the Grand Jury, to distribute a controlled substance, namely, more than 1000 kilograms of marijuana, a Schedule I controlled substance, in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(vii), all in violation of Title 21 U.S.C. § 846.

### COUNT 2

On or about March 30, 2010, in the Western District of Arkansas, Hot Springs Division, the defendant(s), GLEN RAY ALLEN and KEVIN HICKS, aiding and abetting and aided and abetted by Jennifer Sue Linda and others known and unknown to the Grand Jury, did knowingly possess with intent to distribute a controlled substance, namely, namely, more than 100 kilograms of marijuana, a Schedule I controlled substance, in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii) and Title

18 U.S.C. § 2.

## FORFEITURE ALLEGATION

The grand jury re-alleges and incorporates by reference herein Counts One and Two.

Upon conviction of Counts One and Two of this Indictment, defendants, **GLEN RAY ALLEN and KEVIN HICKS** shall forfeit to the United States pursuant to pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, including but not limited to the following:

a. A sum of United States currency representing the amount of proceeds obtained by the defendant named herein as a result of the offenses described in Counts One and Two of this Indictment.

b. All real and personal property, derived from, involved in, or used to facilitate the offenses described in Counts One and Two of this Indictment.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other

θωϋ 2

property of said defendants up to the value of the forfeitable property described above.

A True Bill.

DEBORAH GROOM
UNITED STATES ATTORNEY

Grand Jury Foreperson

By:
Dustin S Roberts
Assistant U. S. Attorney
Arkansas Bar No. 2005185
P. O. Box 1524
Fort Smith, AR   72902
479-783-5125

θω˜ύ 3